TERRELL, Justice.
Kenneth Orlo Williams filed his petition in this court alleging, among other things, that he was on the 26th day of July, 1960, tried, convicted and sentenced to a term of two years in the state penitentiary on a charge of breaking and entering a store building with intent to commit a misdemean- or, that on trial for said charge he was denied the right of counsel, the right of trial by a jury and that he, petitioner, did not know the co-defendant, Charles Whitcomb, or the building that he was charged with breaking and entering.
Based on said allegations, writ of habeas corpus was granted by this court November 7, 1960, and return required. The return was filed November 22, 1960, and from minutes of the Criminal Court of Record, Dade County, shows that petitioner was represented by counsel at the time of his trial, that petitioner was not denied the right of trial by jury as he alleges, but that he in fact voluntarily waived trial by jury; that such waiver of trial by jury is reflected over his own signature and that as to petitioner’s representation to the effect that the store building broken into and the co-defendant, Charles Whitcomb, were unknown to him, respondent shows that said representations are not supported by petitioner’s version of the offense as transcribed by the Division of Corrections Classification Officer, as is more fully reflected by a true copy of said transcription of said classification officer. Copy of each of said four instruments is attached to the return and marked Exhibits “A,” “B,” “C,” and “D”, respectively.
Respondent further denies each and every allegation of the petition for habeas corpus and alleges that he holds petitioner by virtue of .a commitment issued by lawful authority July 26, 1960, whereby he, respond *99 ent, is ordered to receive and hold petitioner for a period of two years, all of which is reflected by a true copy thereof attached thereto, marked Exhibit “E” and made a part thereof.
On the showing so made the writ of ha-beas corpus granted herein is on motion of respondent quashed and the petitioner is remanded to the custody of respondent.
It is so ordered.
THOMAS, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.